SIMPSON v. SIMPSON.

DIVORCE—PRO CONFESSO DECREE—AFTER ENROLLMENT COURT MAY NOT GRANT REHEARING.

Where a *pro confesso* decree of divorce was granted plaintiff on the ground of desertion, and was enrolled under 3 Comp. Laws 1915, § 12805, the court was thereafter without authority to set the decree aside and grant a rehearing on the ground that the evidence upon which the decree was granted was insufficient, in the absence of any claim or finding that plaintiff was guilty of fraud or deceit.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted April 17, 1923. (Docket No. 75.) Decided June 4, 1923.

Bill by William G. Simpson against Mary J. Simpson for a divorce: On petition of defendant for a rehearing after enrollment of decree. From an order granting the petition, plaintiff appeals. Reversed.

*James H. Pound,* for plaintiff.

McDonald, J. This is an appeal from an order of the circuit court of Oakland county, vacating a *pro confesso* decree for divorce. After filing his bill the plaintiff procured an order of publication on an affidavit of nonresidence. A copy of the order was mailed to defendant at her last known place of residence in Denver, Colorado. She did not appear. On the 19th day of June, 1922, the plaintiff was given a decree on the ground of desertion. The decree was enrolled on the 12th day of July, 1922. On the 1st of August, 1922, the circuit judge made the following order:

"Mary J. Simpson, defendant herein, having filed certain charges attacking the regularity of the proceedings heretofore had wherein a decree of divorce was granted plaintiff on the 19th day of June, A. D. 1922. It is therefore ordered that Earl L. Phillips be, and hereby is, appointed friend of the court to investigate such charges, and report with all convenient speed as to the regularity of said proceedings, and the truth of the charges made in the bill of complaint filed herein, upon which said decree was granted."

The record does not show the nature of the charges made by Mrs. Simpson further than appears in the general recital of this order. The friend of the court filed his report. An order was then made requiring the plaintiff to show cause on the 25th day of September, 1922, why the decree for divorce should not be set aside. The plaintiff appeared without counsel and was examined under oath by the court. His testimony was substantially the same as he gave on the original hearing. When he had concluded the court made an order vacating the decree in which order is the following recital:

"It appearing to this court that testimony in support

of the charge of desertion set up in said plaintiff's bill of complaint against the said defendant, Mary J. Simpson, upon which a decree was heretofore entered, was insufficient to justify the decree heretofore entered, on motion of Earl L. Phillips, friend of the court, it is ordered," etc.

The court was without authority to make this order. There is no claim or finding that he was induced to sign the original decree through fraud and deceit. The decree was enrolled on the 12th day of July, 1922, and the order vacating it was made on the 25th day of September, 1922.

"The necessity of the enrollment of the decree seems to be for the purpose of making it a record of the court and removing it from a liability to be changed upon a rehearing by order of the court which made it." Van Zile on Equity Pl. & Prac. § 333.

"Before it is enrolled it is subject to an order for rehearing, or to modification by the court if properly applied for, but once enrolled it becomes a record of the court and is not subject to change except upon bill for review." *Id.* § 332.

See, also, *Benedict* v. *Thompson*, Walk. Ch. 447; 3 Comp. Laws 1915, § 12805.

The order of the circuit judge vacating the decree will be set aside.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.