RAYMOND *v.* BIGLEY.

1. APPEAL AND ERROR—APPEAL PROPERLY DISMISSED WHERE DECREE ENROLLED BEFORE MOTION FOR REHEARING FILED.

An appeal from the denial of a motion for a rehearing may properly be dismissed where it appears that the decree was properly enrolled before the motion for rehearing was filed.

2. CREDITORS' SUIT—PARTIES—ANSWER.

The contention that no decree could be rendered against the husband, in a suit in aid of execution against him and his wife because no order *pro confesso* was entered as to him for failure to answer, is without merit, where it appears that after his death and before the hearing an administrator of his estate was appointed who appeared and filed a formal answer putting plaintiff to her proofs.

3. SAME—BILL IN AID OF EXECUTION.

While a judgment creditor's bill may not be filed until an execution is returned unsatisfied (3 Comp. Laws 1915, § 12302), a bill in aid of execution may be filed only after a levy has been made (§§ 12897, 12898), and the sheriff must retain the writ until the lien created by it has been discharged by satisfaction, payment, or order of the court.

4. SAME—PARTIES—FRAUDULENT CONVEYANCES.

One to whom land was deeded by a husband for the purpose of deeding back to him and his wife, *held*, not a necessary party in a suit to have the deed set aside as in fraud of the husband's creditors, where it is apparent that he never acquired any title to the land but was simply used as an intermediary.

5. SAME—SETTING ASIDE DEED—JURISDICTION.

Where the moneys or property of an estate came into the executor's hands prior to his deeding away his lands in 1912, a judgment against him in 1919 for money in his hands as said executor gave the court jurisdiction to set aside the deed made in 1912 as in fraud of the estate, since at the time of its making he was a debtor to the estate.

Appeal from Wayne; Des Voignes (L. Burget), J., presiding. Submitted January 17, 1924. (Docket No. 86.) Decided March 5, 1924.

Bill in aid of execution by Harriet E. Raymond, trustee of the estate of Margaret A. Huyser, deceased, against Thomas B. Bigley and Hubert E. Browne, administrator of the estate of Margaret J. Bigley, deceased. From an order denying a motion for a rehearing, defendant Browne appeals. Affirmed.

*Yerkes, Simonds & Goddard (C. Upton Shreve* and *Stevens T. Mason,* of counsel), for plaintiff.

*Jonathan Palmer, Jr.,* and *John A. Boyne,* for appellant.

SHARPE, J.      Margaret A. Huyser died testate on June 2, 1911.      Letters testamentary were issued to Thomas B. Bigley, the executor named in the will. He gave bond in the sum of $3,000, with the Bankers' Surety Company as surety.      His final account was filed on December 18, 1918.      Pending its allowance, he was removed as executor, and administration of the estate was intrusted to plaintiff.      Bigley's final account, showing a cash balance in his hands of $2,397.91, was allowed on February 25, 1919.      Suit was begun by plaintiff on the bond, and on August 25, 1919, a default judgment was rendered against Bigley for $2,397.91 and costs.      On September 9, 1919, execution was issued on the judgment, returnable October 9, 1919, under which the sheriff levied on the lands in question in this suit.      Prior to November 20, 1912, Bigley had been the owner of these lands.      On that day, he deeded them to Edgar Starrett, and on the day following Starrett deeded them to Bigley and his wife, Margaret.      Claiming that these conveyances were void as against the lien acquired by the levy, the plaintiff, on October 25, 1919, filed this bill of complaint in aid of execution, praying that these deeds be set aside and the lands decreed to be the property of Bigley.      Bigley and his wife were made parties defendant.      He appeared, but apparently filed no answer.      It does not appear that an order *pro confesso* was entered as to him.      Margaret filed an answer.      Plaintiff was, on motion, permitted to file an amended bill, to which Margaret filed an answer.      The order permitting this amendment was

made after the death of Bigley, which occurred on January 11, 1922. C. Upton Shreve, an attorney in the office of plaintiff's attorneys, was, on petition to the probate court, appointed administrator of Bigley's estate. He entered an appearance and filed an answer as such administrator, averring that he had no knowledge as to the matters alleged in the amended bill and left plaintiff to her proofs thereof.

The case came on for hearing on pleadings and proofs taken in open court, Mr. Shreve appearing for plaintiff and Mr. Urquhart for the defendant Margaret Bigley. On January 13, 1923, a decree was rendered, granting plaintiff the relief prayed for in her amended bill. The costs were taxed and the decree enrolled on February 6th. The premises were thereafter, and on March 16, 1923, sold to satisfy the execution, which had in the meantime remained in the sheriff's hands. The proceeds of the sale were sufficient to satisfy the judgment. Plaintiff thereafter filed her final account in probate court. It does not appear whether or not it has been allowed.

On March 15, 1923, Margaret Bigley died. Hubert E. Browne, her sole heir at law, was appointed administrator of her estate on April 24, 1923. On May 11th, an order was entered reviving the suit as to her estate and representative. Mr. Browne's appearance was entered on the same day by his present attorneys, and a motion for a rehearing of the cause was filed. From an order made denying the motion, defendant Browne appeals.

The decree in this case was properly enrolled before the motion for a rehearing was filed. It might well have been denied, and the appeal herein may properly be dismissed for that reason. *Simpson* v. *Simpson,* 223 Mich. 246. In view of the fact that this question was not raised in the circuit court, nor is it relied on by plaintiff's counsel here, we have concluded to pass

upon such questions as are presented in the motion, which relate to the jurisdiction of the court to grant the decree. Irregularities in the proceedings which, had attention been called to them, might have been cured by amendment will not be considered.

1. It is urged that, as no order *pro confesso* for failure to answer was entered as to Thomas B. Bigley in his lifetime, no decree could be rendered as to him. It appears, however, that an administrator of his estate was appointed, and that he appeared and filed a formal answer, putting plaintiff to her proofs. The cause was thus at issue as to his estate before the hearing was had. With the propriety of the action of the probate court in appointing Mr. Shreve, an attorney in the office of plaintiff's attorneys, we have no concern.

2. It is claimed that the bill could not be filed until the execution was returned unsatisfied. While a judgment creditor's bill may not be filed until an execution is returned unsatisfied (3 Comp. Laws 1915, § 12302, and notes thereto), a bill in aid of execution can be filed only after a levy has been made. Sections 12897, 12898. The sheriff must retain the writ until the lien created by it has been discharged by satisfaction, payment, or order of the court. *Schelowski* v. *Pawlowski,* 168 Mich. 664, and cases cited.

3. Counsel insist that Edgar Starrett should have been made a party. It is apparent that he never acquired any title to the lands. He was simply used as an intermediary through whom the title was conveyed from Bigley to Bigley and his wife.

4. It is said that the court was without jurisdiction to set aside a deed made in 1912 to pay an indebtedness accruing in 1919. While not determined until the judgment in 1919, the moneys and property of the estate had come into the hands of Bigley as executor prior to the making of the deed in 1912. He was at

that time a debtor to the estate for the moneys or property which he held as trustee for it.

The order appealed from is affirmed, with costs to appellee.

CLARK, C. J., and BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.    McDONALD, J., did not sit.