GRIMORE *v.* ARENAC CIRCUIT JUDGE.

1. EQUITY—GRANTING MOTION FOR REHEARING SEASONABLY MADE WITHIN COURT'S DISCRETION.

It was within the discretion ·of the court to grant a motion for rehearing which was made within the time provided by Circuit Court Rule No. 56, where the decree had not been enrolled.

2. SAME—REHEARING TO ELIMINATE USELESS DECREE OR MAKE
PROPER ONE WITHIN COURT'S DISCRETION.
    Where it was claimed that a second decree in proceedings
    to foreclose a land contract was unnecessary, it was within
    the discretion of the court to grant a rehearing to either
    eliminate the useless decree or make a proper one, where
    the motion was made seasonably and while the decree was
    still under control of the court.

Mandamus by Elvira C. Grimore to compel Guy E. Smith, circuit judge of Arenac county, to set aside an order for rehearing. Submitted May 8, 1928. (Calendar No. 33,500.) Writ denied June 4, 1928.

*Thomas A. E. Weadock*, for plaintiff.

*William T. Yeo*, for defendant.

FEAD, C. J. On June 14, 1927, in the circuit court for the county of Arenac, in chancery, before respondent, plaintiff had decree of foreclosure of a land contract. The vendee, David Beauch, being deceased, his heirs and the administrator of his estate were made defendants to the action. The decree was in the usual form on foreclosure, finding the amount due, ordering sale, declaring the estate of David Beauch and the other defendants liable for deficiency, and ordering execution on confirmation of the report of sale. This decree was enrolled July 8, 1927, and no appeal taken therefrom.

Sale was made August 29, 1927, defendants filed objections to the report, they were heard by respondent, and the sale was confirmed September 13, 1927. On the same day, plaintiff filed a petition, setting up the proceedings had, alleging a deficiency and that it was unpaid, and praying for a decree against the administrator and other defendants for $3,110.02 and for execution. On September 13, 1927, the court granted

and signed a decree ordering payment by the defendants "who have heretofore (been) adjudged and decreed to be personally liable for the debt," and that plaintiff have execution therefor.

Defendants made an attempt to appeal from the latter decree. The various steps taken need not be detailed. On November 4, 1927, counsel for defendants filed an application for an extension of time to perfect an appeal and also asked for a rehearing. No answer was filed by plaintiff to the motion for rehearing, but her counsel appeared at the argument and opposed it. The respondent, on November 11, 1927, "in the exercise of that discretion vested in the court," ordered that a "rehearing be had of the subject-matter of the decree made by said court in said cause on September 13, 1927."

This is a petition for mandamus to compel the court to set aside the order for rehearing.

In view of the arguments of counsel, it may be well to emphasize that the decree of June 14, 1927, is not here for review, nor does the order of rehearing granted by respondent purport to reopen that decree.

The motion for rehearing was made within the time provided by Circuit Court Rule No. 56. The decree, not having been enrolled, was still within the control of the court, which, in its discretion and on its own motion, could grant a rehearing. *Barnes* v. *Kent Circuit Judge,* 97 Mich. 212; *Hughes* v. *Wayne Circuit Judge,* 239 Mich. 110.

Plaintiff contends that the decree of September 13, 1927, was unnecessary because, by virtue of the original decree and as a matter of course under 3 Comp. Laws 1915, § 12678, she had all the relief therein granted. Defendants contend the decree is of force and is erroneous and claim to have material evidence to present. As the application was made seasonably and while the decree was still under control of the

court, there was no abuse of discretion in granting a rehearing to either eliminate the useless decree or make a proper one.

The writ is denied, with costs to respondent.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.