GRIMORE v. BEAUCH.

1. EQUITY—REHEARING PRECLUDED AFTER LAPSE OF FOUR MONTHS FROM ENTRY OF FINAL DECREE.

Under Circuit Court Rule No. 56 the court is precluded from granting rehearing in suit to foreclose land contract after lapse of four months from entry of final decree, in absence of fraud or deceit.

2. SAME—ESTOPPEL—CONSTRUCTIVE FRAUD MAY NOT BE URGED ON REHEARING.

Where defendants, in suit to foreclose land contract, appeared by counsel and had their day in court, they may not claim, on motion for rehearing, that plaintiff was guilty of constructive fraud and deceit in not advising the court of certain matters of defense now urged by defendants.

3. Vendor and Purchaser—Foreclosure—Second Decree Unnecessary.

Where decree in suit to foreclose land contract fixed personal liability of defendants for any deficiency, awarded execution, the commissioner reported the sale and amount of deficiency, and the court affirmed the report, no second decree declaring the amount of deficiency was necessary, and it was *nullius juris* so far as affecting or modifying the first decree.

4. Appeal and Error—Supreme Court Powerless to Correct Errors in Decree Unappealed From.

Where no appeal was taken from decree in suit to foreclose land contract, which thus became final, Supreme Court is without power to correct error therein holding children and grandchildren of vendee personally liable for deficiency, on setting aside decree entered on rehearing granted after lapse of more than four months from entry of first decree in violation of Circuit Court Rule No. 56.

5. Costs—Plaintiff in Fault Not Awarded Costs.

Where first decree in suit to foreclose land contract was final, and no second decree declaring amount of deficiency was necessary, plaintiff, who was at fault in obtaining second decree, is not awarded costs on appeal from decree entered on rehearing, although said decree is reversed because, under Circuit Court Rule No. 56, the court was without jurisdiction to grant rehearing after lapse of four months from entry of first decree.

Appeal from Arenac; Smith (Guy E.), J. Submitted April 3, 1929. (Docket No. 30, Calendar No. 34,007.) Decided June 20, 1929. Rehearing denied September 4, 1929.

Bill by Elvira C. Grimore against Harvey L. Beauch and others to foreclose a land contract. From a decree for defendants on rehearing, plaintiff appeals. Reversed.

*Thomas A. E. Weadock,* for plaintiff.

*William T. Yeo,* for defendants.

WIEST, J. The bill herein was filed to foreclose a land contract. The vendee died before suit, and the administrator of his estate and his children and grandchildren were made defendants. A decree of foreclosure was granted, sale of the premises ordered for the amount found due, the administrator of the vendee's estate restrained from disposing of moneys in his hands, and the children and grandchildren of the vendee decreed to be personally liable for any deficiency. Sale was had and deficiency reported. Plaintiff then asked and obtained a decree, which declared the amount of the deficiency, directed the administrator to pay over to plaintiff the estate money in his hands, again decreed the children and grandchildren personally liable and awarded execution. There was no appeal taken from the first decree, and there was enrollment before sale. Defendants moved for, and the court granted a rehearing of the subject-matter of the second decree. Plaintiff's application to this court for writ of mandamus, directing the circuit court to set aside the order granting a rehearing, was denied. *Grimore* v. *Arenac Circuit Judge,* 243 Mich. 151. Upon the rehearing the court went back to the first decree, attempted correction of manifest errors of law therein, and permitted issues of fact to be reopened. From the decree on the rehearing plaintiff took an appeal.

The first decree was final, and the lapse of over four months' time thereafter, under Circuit Court Rule No. 56, precluded the court from granting or making review of the subject-matter therein adjudged, or of rights, remedies, and liabilities there decreed, except in case of fraud or deceit. *Simpson* v. *Simpson,* 223 Mich. 246; *Raymond* v. *Bigley,* 226 Mich. 182; *Union Trust Co.* v. *Detroit Trust Co.,* 240 Mich. 646; *Czarnecki* v. *Przybyl, ante,* 438.

In the application for rehearing there was an allegation of constructive fraud and deceit on the part of plaintiff in not advising the court of certain matters of defense now urged by defendants. Defendants appeared in the case by counsel and may not now claim that plaintiff was guilty of fraud or deceit in not presenting the defenses now urged. Defendants had their day in court and should then have presented the matters now urged. We may say, with propriety but without power to correct, that the first decree ought not to have held the children and grandchildren of the vendee personally liable for the deficiency. Other errors appear in the first decree, but it is useless to mention them, for they had passed beyond power of correction at the time the rehearing was granted.

The appeal now here is from the decree upon the rehearing, and the trouble arises from an unnecessary act of plaintiff in asking for and entering the second decree. The first decree fixed the personal liability of defendants for any deficiency and awarded execution, the commissioner reported the sale and the amount of the deficiency and the court confirmed the report. No second decree was necessary (3 Comp. Laws 1915, § 12678), and it is only by reason of plaintiff taking an unnecessary decree that we have the matter here at all. The second decree was *nullius juris* so far as affecting the first decree, and the subsequent decree upon the rehearing was equally of no legal force as a modification of the first decree.

Defendants' motion to strike the printed record from the files because of omissions and imperfections is denied without costs. The record contains everything essential to the disposition we must make of the case.

The decree upon the rehearing is reversed, and, unfortunately, the first decree must stand, but, inasmuch as plaintiff is at fault for opening the way for the erroneous decree, we do not award costs.

NORTH, C. J., and FEAD, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.