**Frederick B. Leonard, President of the Bank of Lansingburg v. Charles W. Taylor and another.**

*Setting aside sale in chancery: laches.* — A sale under a decree in chancery in a foreclosure case will not be set aside on the ground of surprise and inadequate consideration, after a long unexcused delay, which has continued until an execution has been issued for a deficiency, and a sale made, under which third persons have acquired vested interests, and complainant has made payments to redeem from former sales.

*Petition to set aside sale: offer to increase bid.* — Petition being filed to set aside a sale under a decree in chancery on the ground of inadequate consideration, and the complainant — who was the purchaser — not having sought to take advantage of petitioner's embarrassments, and not appearing to have been at any time unwilling to receive the amount due upon the decree and the amount paid to redeem from prior sales, and to transfer to petitioner all rights acquired by the purchase, it was held that, under these circumstances, at least, it was a fatal objection to the petition that it did not offer to pay anything to complainant, or to increase the bid, in case a re-sale was ordered.

*Heard May 19th. Decided May 24th.*

Appeal in chancery from Kent Circuit.

The defendant Taylor petitioned the Court below to set aside a sale which had been made under a decree in

chancery in a foreclosure case. The case was heard on the petition, and on affidavits and counter affidavits, the result of which is stated in the opinion. The Court below denied the prayer of the petition, and Taylor appealed.

*J. W. Longyear*, for appellant.

*Ball & McKee*, and *T. M. Cooley* for defendant.

CHRISTIANCY J.:

We think the Court below properly refused to vacate the mortgage sale under the decree.

Assuming that the petitioner has sufficiently shown that the lands were bid in by complainant much below their real cash value at the time, that petitioner was misled by the assurances of complainant's solicitor of his intention to bid them in for the full amount of the decree, that he was surprised by this, and neglected the efforts he would otherwise have made to raise the money or to procure bidders at the sale, — none of which facts can be said to be very clearly established — still there is no sufficient excuse shown for the long delay of the petitioner in making this application; especially as it clearly appears that during this delay, and as a consequence of it, the rights of other parties have intervened and become vested, which would be disturbed by granting the remedy now sought.

The sale was made November 15th, 1860. On the 8th day of June, 1861, the execution was issued for the balance due on the decree, and levied on the other real estate of the defendant (petitioner). This real estate had mostly if not all been already sold on executions in behalf of other creditors of the petitioner, but the time of redemption had not yet expired. Complainant, to make his own execution available, was under the necessity of paying, and did pay, considerable sums to acquire the rights of the prior purchasers. A part of this property

was again redeemed from complainant, or his right therein acquired by Boardman, another execution creditor of petitioner. The year allowed to the petitioner to redeem, as well as the additional three months allowed to execution creditors to acquire the rights of purchasers, under the execution, were allowed to expire, and deeds were executed by the sheriff upon such sales, before this application was made to set aside the original mortgage sale made under the decree.

The alleged assurances of complainant's solicitor — that complainant was expected soon to be at Grand Rapids, and that an arrangement could be made satisfactory to petitioner — if clearly established, would hardly be sufficient, under such circumstances, to excuse such delay. But even these assurances are denied by the solicitor, and there is no evidence but his and that of the petitioner on the subject.

Nor do we see anything in the propositions made by complainant, or which petitioner alleges complainant agreed to make and did not, which can excuse this long delay under such circumstances. The petitioner does not appear to have called upon complainant to make a proposition till near the end of June, 1862, more than a year after the levy of the execution.

We can discover nothing in the case going to show that complainant has, at any time, been unwilling to accept the amount due him on the decree, with the amount paid to acquire the right of other purchasers, nor that he has sought to take advantage of the embarrassment of the petitioner to make a speculation out of his property. And, under such circumstances at least, it is a fatal objection to the petition that it does not offer to pay the complainant any thing whatever, and does not contain an offer to bid any higher sum, if the sale should be set aside, than that bid by complainant on the mortgage sale.

LEONARD *v.* TAYLOR.

The order of the Court below refusing the prayer of the petition, is confirmed, with costs.

MARTIN CH. J. and CAMPBELL J. concurred.

MANNING J. was absent when the case was decided.