Marston, J.:
This was an action brought to recover upon a replevin bond. After the bond and assignments thereof had been admitted in evidence, plaintiff introduced the files and judgment in the replevin suit, also an execution issued thereon June 26, 1874, returnable in September, also another execution issued March 20, 1875, and returned June 1st of the same year. The defendant afterwards offered and introduced in evidence two other executions issued upon the same judgment, one in form an execution in assumpsit, the other improperly issued to the coroner. ' The plaintiff alleges *error upon the introduction of these executions. We do not see how the introduction of these executions could have prejudiced the plaintiff. Usually all the files, instead of a portion only, are introduced, and if a party introduces a part only, the other side may offer the others in evidence. If the introduction of all the files in a case shows that in. the cause on trial the plaintiff has no standing in court, they are properly admissible for that purpose. In this case, standing alone, such might have been the effect of their introduction; but plaintiff had introduced other executions which had been properly issued and returned, so that whether those in question were in proper form, or directed to the proper officer, was of no sort of consequence.
Evidence was given on the part of the defendants that Lucy Ridell, who was plaintiff in the replevin suit, resided in Kent county when the judgment in that suit was rendered against her, and had property there until quite recently. The replevin bond also stated that she resided in Kent county. In connection with this evidehce was given tending to show that the plaintiff in this suit had a private arrangement with Lucy Kidell by which she was released; that plaintiff had satisfaction so far as she was concerned; that plaintiff was to prosecute and make what he could out of other parties, but that nothing was to come out of her. The evidence as to her residence was admissible. In connection with the other evidence it tended to show that the plaintiff in this suit had not in good faith endeavored to collect from her before bringing action *64 upon the replevin bond. If she resided in Kent county, as the bond recited and the evidence tended to show, an execution should have been issued to the sheriff of that county. ■ The fact that the party knows, or has reason to believe, he can collect his judgment in the ordinary way, by issuing execution to the county of her residence, but refrains from doing so, and resorts to the more troublesome proceeding of a suit, would tend strongly to support the evidence that his *neglect to collect by execution was in pursuance of an agreement made with her to the prejudice of the sureties.
The main questions here relied upon grew out of the rulings and charge of the court in reference to a former trial and judgment rendered therein, upon the bond sued in this case.
After the files and judgment in the former case had been admitted in evidence (which was between the same parties), plaintiff’s counsel offered in evidence the brief of defendants’ counsel upon the former trial, to show that the only point contested in that case was the sufficiency of the return of the execution to prove the breach of the condition of the bond, for the purpose of showing that the judgment in that case was not upon the merits, and therefore not a bar to the present action.
We discover no error in the rejection of the brief. Briefs of counsel are not an unerring indication of the basis upon which a judgment has been rendered. They sometimes omit to discuss questions considered by the court, and frequently discuss those not involved in the case. We are of opinion that for the purpose offered the brief was not admissible.
The objection made to the fifth paragraph of the charge of the court cannot be sustained. It is-true, in the first part of this paragraph the court speaks of a judgment rendered upon an issue joined upon the merits, that it would be a bar, yet in the same paragraph he distinctly lays down the rule that both the issue and judgment must have been taken and rendered upon the merits in order to be a bar. We must take this part of the charge as a whole and cannot separate it for the purpose of discovering error.
*65 The tenth paragraph of the charge as given, and also that refused by the court upon plaintiff’s request, relate to the effect of the arrangement made by the plaintiff with Lucy Ridell. The arrangement here referred to, when examined in the light of the evidence, has reference to the *testimony tending to show that an agreement had been made whereby the plaintiff had satisfaction so far as Mrs. Ridell was concerned. If an agreement was made releasing Mrs. Ridell from liability in the judgment rendered against her in the replevin suit, the effect thereof undoubtedly would be to discharge the sureties unless they consented to such agreement, which is not claimed. If she was thus discharged, then, whether instructions were given the sheriff consistent or inconsistent with such agreement, could not change the legal effect of the agreement previously made.
It is also insisted that there was no evidence upon which the court could charge as set forth in the eleventh paragraph. It is sufficient to say it does not affirmatively appear that there was no such evidence. We cannot presume error.
As we discover no error in the record, the judgment must be affirmed, with costs.
The other justices concurred.