## EDWIN R. D. HOWARD v. SARAH A. BOND.

*Writ of assistance—Foreclosure absolute.*

A writ of assistance is proper only where a party concluded by the proceedings refuses to give up possession on request; and it should not be granted without proper evidence of such refusal after the right of possession is established.

A purchaser on foreclosure cannot demand possession until the commissioner's report of sale is confirmed.

A foreclosure sale cannot be made absolute so long as objections duly taken to the report of the commissioner have not been passed on.

Appeal from Berrien. Submitted October 24. Decided October 30.

FORECLOSURE. Defendant appeals.

*Cholwell Knox* for complainant.

*Theo. G. Beaver* for defendant.    Delivery of possession on foreclosure cannot be compelled until after the sale is confirmed, 2 Barb. Ch. Pr., 529; *Demaray v. Little,* 17 Mich., 386; a writ of possession should not issue without notice to the defendant of the application therefor.    See *Richards v. Morton,* 18 Mich., 262; *Hart v. Linsday,* Walk. Ch., 144.

GRAVES, J.    February 20, 1879, the usual decree of foreclosure and sale was granted by the court in favor of complainant and against defendant upon pleadings and proofs.    The sale was limited to take place subsequent to March 24th, and the decree required that in case a sale should be had the surrender of possession should be made to the purchaser "on production of the said deed for such premises, and a certified copy of the order confirming the report of such sale after such order has become absolute."    May 14, 1879, the commissioner sold the mortgaged premises under the decree to the complainant and immediately filed his report, and the usual *ex parte* order for confirming the sale unless cause to the contrary should be shown in eight days, was entered at the same time by complainant's solicitor.

May 20th the solicitor for defendant filed exceptions, but they were not brought on for hearing until the seventh of August following.    Meanwhile, and on June 19th, the complainant went to the premises and exhibited to defendant the commissioner's deed and a certified copy of the order *nisi,* entered May 14th, and demanded possession, and the defendant refused to give it.    On the seventh of August the court proceeded to hear the objections made and filed against confirming the sale, and after argument by the respective solicitors, overruled the objections and confirmed the sale.    Thereupon complainant presented his petition, made and sworn to on the twentieth of June, for a writ of assistance to dispossess the defendant and put complainant in possession, and it

showed no other or further demand of defendant than that made on June 19th. The court allowed the writ, and defendant appealed.

We think the circuit court mistook the practice.

A writ of assistance is proper only where a party concluded by the proceedings refuses to give up possession on request, and it is irregular to grant compulsory process without proper evidence of such contumacy. The party must be first put in fault, and this must be proved to the court on the application for the writ. But it is plain enough that this requirement cannot be answered by a demand and refusal made before the defendant's right is concluded, and before the right of possession by complainant is positively established.

Such, however, was the case here. The demand was made June 19th, and up to that time the complainant had not become entitled to oust the defendant. He could not insist upon possession or maintain a legal right to enter and put out the defendant prior to confirmation, and as yet the sale had not become absolute.

The *ex parte* order of May 14th was conditional, and the filing of objections enlarged it. The question of confirmation was in abeyance until the court decided upon the objections on the seventh of August. Hence there was no foundation for demanding possession on June 19th. The right to it by complainant was not yet fixed, and the refusal to yield to his demand made at that time did not put the defendant in default. She was not yet bound to give possession, and her refusal was consistent with her legal rights in the case.

The order should be reversed with costs.

The other Justices concurred.