## ALDRICH v. WAYNE CIRCUIT JUDGE.

1. Writ of Assistance—Mandamus.

 The proper remedy, where a party to the record is aggrieved by an order granting a writ of assistance, is by appeal, and not by *mandamus* to compel the court to set aside the order.

2. Same—Objections—Claim of Title.

 A mere verbal statement by one not a party of record, made in the course of proceedings for a writ of assistance in behalf of a purchaser at foreclosure sale, that he claims possession by virtue of a sale for taxes, is too informal to warrant consideration.

*Mandamus* by Ralph L. Aldrich to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order granting a writ of assistance. Submitted November 10, 1896. Denied February 2, 1897.

*Ralph L. Aldrich, in pro. per.*

*John H. Powell,* for respondent.

HOOKER, J. On September 9, 1896, John H. Powell, for and on behalf of a client, Annie Corbett, filed a petition for a writ of assistance in a foreclosure case, wherein Frank B. Leland and others were defendants, upon a decree duly enrolled in said court, and sale of the premises to said Annie Corbett. Said petition shows that the sale was confirmed, and that the petitioner called upon the tenants in the houses upon the premises, viz., Stoddard and Spring, and showed to each of them, and to said Leland, who is alleged to have owned the fee of said premises prior to the confirmation of said sale, the commissioner's deed, and a certified copy of the order of confirmation. It also shows that said Leland assured petitioner that he had no other or further interest in said houses, and that Aldrich was then in possession of the house occupied by Spring, and had been for some months, and had been in possession of the Stoddard house for some days; that Spring and Stoddard, tenants in said houses, came into possession thereof after the commencement of the foreclosure suit, and are unwilling to attorn to the complainant; that Aldrich is the solicitor of record for Leland in said cause; and that Leland refuses to give complainant possession of said houses.

The circuit court ordered the writ to issue as prayed, and Aldrich, who was not named in the proceeding for writ of assistance, has filed his petition in this court for a *mandamus* to require the vacation of said order, alleging that on May 15, 1896, he received from the city of Detroit leases of said premises for 99 years, upon tax sales, and has certificates of sale entitling him to other leases, and that on May 18, 1896, he entered into possession, and rented one of said houses to Spring, and has held possession and received rent of said house, and has been continuously in possession of said house since, and that on

July 15, 1896, he entered into possession of another of said houses, which has been continuously occupied since July 15, 1896, by said Stoddard, and that his possession has been open and notorious, and that he has claimed the absolute right of possession of said premises. His peti-. tion alleges, further, that, upon the hearing of the application for the writ of assistance, he appeared and stated that he was not a party to said foreclosure suit, and not interested in the result thereof, and that he objected to the issue of a writ that should run against his tenants, and, further, that Spring had vacated the house occupied by him, and that he (Aldrich) had rented it to N. E. Moore, who entered and then occupied the same. In response to the order to show cause, the circuit judge returns that, on the hearing of the application, "said Aldrich appeared, as solicitor for Leland, to oppose the motion, and interposed some verbal objections to the granting of the writ of assistance, but that respondent decided that the issue as to tax leases owned or claimed to be owned by the solicitor for the defendant, who was the owner of the premises in fee, must be tried in some other way than by a verbal argument opposing the enforcement of the decree."

The order complained of authorizes a writ to run against the persons named in the petition. None of them, except Leland, appear to have contested the application, by pleading of any sort, or by evidence in opposition. There is nothing in the record showing that this was not a proper order to make, except the oral statement of the solicitor for Leland that he claimed to be in possession. If the order made was an improper one, in view of the evidence, the parties to the record aggrieved by it should have appealed, which is the usual course in such cases. *Baker* v. *Pierson*, 5 Mich. 456; *Howard* v. *Bond*, 42 Mich. 133. If Aldrich was actually in possession, or wished to assert that Stoddard and Spring were his tenants in possession, the claim, to be of any avail, should have been shown to the circuit court in chancery in some

more formal manner than by the oral statement of a claim.

The writ is denied.

The other Justices concurred.