McINTOSH *v.* MILLER.

1. JUDGMENT — RES JUDICATA—FORMER ACTION NOT BAR WHERE NOT DISMISSED ON MERITS.

In ejectment against joint owners, it was properly held that a former action, dismissed, not on the merits, but for failure to join a necessary party defendant, was not a bar to the present action.

2. BOUNDARIES — EJECTMENT — LINE FENCE—EVIDENCE OF SURVEY ADMISSIBLE.

In ejectment, where the controversy was as to the location of a former line fence, evidence of a survey, caused to be made by plaintiffs, was admissible to aid in determining the location of said fence.

3. EJECTMENT—DESCRIPTION SUFFICIENTLY DEFINITE.

> In ejectment for a triangular piece of land claimed by plaintiffs to be wrongfully withheld from them by defendants, the description in the declaration, sustained by the evidence, *held*, sufficiently definite to support a judgment for plaintiffs.

Error to Jackson; Parkinson (James A.), J. Submitted April 17, 1923. (Docket No. 76.) Decided June 4, 1923. Rehearing denied July 19, 1923.

Ejectment by Nelson A. McIntosh and another against Philip A. Miller and another. Judgment for plaintiffs. Defendants bring error. Affirmed.

*Richard Price*, for appellants.

*Nelson A. McIntosh* and *Agnes A. McIntosh*, in pro. per.

CLARK, J. This is what is commonly known as a line fence case. The parties owned adjoining farms, defendants the E. ½ of N. W. ¼, the plaintiffs the W. ½ of N. E. ¼ of the section. South of this land was what is called the Hendee road crossing the section. There seems to be little or no dispute that the line fence at the north should and did begin at a tile, said to be the north quarter post. The principal dispute is the south terminus of the fence at the Hendee road. It seems to be certain that it should be at a point where a locust post had been before defendants removed it to rebuild their part of the line fence. Plaintiffs claim that when defendants rebuilt the fence they set the south end of it over on plaintiffs' land 3 feet and 3 feet east of where the locust post had been, and that defendants, against protest and by force, have taken possession of a triangular piece of plaintiffs' land, 3 feet wide at its south base, its apex being at the tile or north quarter post. De-

fendants deny this and assert that the fence built by them was on the true line and practically on the line of the former fence.

When Church, plaintiffs' grantor, and Miller agreed to rebuild the fence they recognized that in the north half, Church's half of such fence, now plaintiffs' half, there was at one point a slight jog into defendants' land, which was to be corrected in rebuilding. Plaintiffs caused a survey to be made, evidence of which the court admitted to aid in locating the line of the old fence, the important question in the case.

Plaintiffs brought ejectment for the triangular piece first against defendant Philip A. Miller alone. The cause came to trial. On motion of defendant Miller a verdict was directed in his favor because of the failure to join Ida M. Miller as a defendant, who owned jointly with him. Plaintiffs then brought ejectment against both defendants. Defendants moved to dismiss, claiming former adjudication. The motion was denied. Plaintiffs had verdict and judgment. Defendants bring error.

1. Denial of the motion claiming former adjudication. The first suit was dismissed, not on the merits, but for failure to join a necessary party defendant. Had plaintiff prevailed in the first suit his judgment would have been ineffectual for the reason stated. The former judgment not having been rendered on the merits was not a bar to this action. Denial of the motion was right. See *Tucker* v. *Rohrback,* 13 Mich. 73; *Wixom* v. *Stephens,* 17 Mich. 518 (97 Am. Dec. 205); *Greenlee* v. *Lowing,* 35 Mich. 63.

2. Admitting evidence of the survey. This was admitted to aid in determining the location of the old fence. It was competent and material. The stake set by the surveyor in the south boundary was said by witnesses to be where the old locust post had been, and the survey was used by reference to fix and determine

the line of the old fence. And it was the theory of plaintiffs' declaration and of their proof that the old fence, except for the jog, was on the quarter line.

3. Refusal of the court to direct a verdict for defendants because the proofs failed to fix and determine with certainty any piece or parcel of land to which plaintiffs were entitled and because there was no evidence that they were entitled to the parcel described in their declaration:

"Beginning at the northwest corner of the northeast quarter of section number seventeen of the township of Blackman, county of Jackson, and State of Michigan and running thence south on the quarter section line to the north line of the highway running easterly and westerly through said section; running thence easterly along the north line of said highway three feet; running thence northerly to the place of beginning; and being a triangular piece of land of the dimensions and location here mentioned."

The description is definite enough. While some of the evidence of the survey is uncertain, some of it is certain. Such evidence on the subject as there is tends to show that the old fence, except for the jog which was to be corrected, was on the quarter line, that the tile at the north and the locust post at the south marked both the line of the old fence and the quarter line. If defendants by the new fence, and otherwise, fixed a new line from the tile at the north to a point 3 feet east of the location of the locust post, and the jury found that they did, then they withheld, as we understand the record, from plaintiffs the land described in the declaration.

We find no reversible error in the charge, nor in denying the motion for a new trial.

Judgment affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.