UNION TRUST CO. *v.* DETROIT TRUST CO.

1. EQUITY—REHEARING MAY NOT BE GRANTED MORE THAN FOUR
   MONTHS AFTER ENTRY OF DECREE.

   Under Circuit Court Rule No. 56, rehearing may not be
   granted after the lapse of four months from entry of
   final decree, in the absence of a showing of fraud.

2. SAME—DECREE NOT SET ASIDE FOR MERE IRREGULARITY.

   A decree may not be set aside for a mere irregularity, in
   the absence of a showing that the interest of a party was
   thereby injuriously affected.

3. SAME—DECREE IN MORTGAGE FORECLOSURE NOT SET ASIDE FOR
   IRREGULARITY IN GIVING NOTICE OF SETTLEMENT OF DECREE.

   In a suit for mortgage foreclosure, the decree may not be
   set aside for mere irregularity in giving less than the
   seven-day notice of settlement of decree required by Circuit
   Court Rules Nos. 7, 15, and 3 Comp. Laws 1915, § 12457,
   in the absence of a showing that the interest of a party
   was thereby injuriously affected.

4. BANKRUPTCY — COURTS — JURISDICTION OF STATE COURT NOT
   OUSTED BY BANKRUPTCY PROCEEDINGS.

   Where the State circuit court in chancery had acquired
   jurisdiction of the parties and the subject-matter in a
   suit to foreclose a mortgage, the filing of an involuntary
   petition in bankruptcy against the defendant did not oust
   the State court of jurisdiction.

5. EVIDENCE—JUDICIAL NOTICE — STATE COURT DOES NOT TAKE
   JUDICIAL NOTICE OF BANKRUPTCY PROCEEDINGS.

   The State circuit court in chancery, having jurisdiction
   of the parties and the subject-matter in a suit to foreclose
   a mortgage, could not take judicial notice of bankruptcy
   proceedings in the Federal court against the defendant.

6. BANKRUPTCY—DECREE NOT SUBJECT TO ATTACK BY DEFENDANT
   NOT SUBJECT TO ATTACK BY HIS TRUSTEE IN BANKRUPTCY.

   Where, in a suit to foreclose a mortgage, at the time the

State court was judicially advised of bankruptcy proceedings against the defendant, there had been decree, sale, report thereof, and confirmation, which was not subject to attack by the defendant, his trustee in bankruptcy was in no better position to attack it than defendant would have been had there been no bankruptcy.

7. EQUITY—APPEAL AND ERROR—ORDER SETTING ASIDE DECREE OF FORECLOSURE REVERSED ON APPEAL.

An order of the court below setting aside the decree in a suit to foreclose a mortgage, and refusing confirmation of the sale thereunder, on petition of the trustee in bankruptcy of the defendant, more than four months after entry of decree and confirmation of sale, is set aside, on appeal, and order confirming sale as of certain date entered.

Appeal from Wayne; Jayne (Ira W.), J.   Submitted June 10, 1927.   (Docket No. 77.)   Decided December 1, 1927.

*Campbell, Bulkley & Ledyard* (*Harold R. Smith,* of counsel), for plaintiffs.

*Joseph B. Beckenstein,* for defendant.

CLARK, J.   Plaintiff mortgagee had decree of foreclosure, sale, report thereof, and order of confirmation when a rehearing was granted and decree and proceedings subsequent thereto were set aside.

Benjamin Braver owned property on Collingwood avenue in Detroit known as Ozark Court apartments, which he mortgaged to plaintiff as trustee to secure an issue of bonds in the aggregate amount of $145,000.

<hr>

¹Equity, 21 C. J. § 874.

The mortgage was duly recorded on April 21, 1923. There are subsequent mortgages not important to decision here.

On November 11, 1925, plaintiff filed its bill for foreclosure. Benjamin Braver and his wife, and Benjamin Braver Company, a Michigan corporation, to which subsequently the mortgaged premises had been conveyed, answered, confessing the bill and consenting to decree. The attorneys for these defendants were Doyle, Doyle & Doyle of Menominee, Michigan. On June 15, 1926, plaintiff's counsel gave notice by mail to above named counsel for defendants of the settlement of the decree on June 21st following. Decree of foreclosure was entered June 21, 1926. There was enrollment on July 13, 1926, sale on August 18, 1926, and report of sale on August 31st following.

Plaintiff Union Trust Company, as depositary under a bondholders' protective agreement (the great majority of bondholders having surrendered their bonds to enable the depositary to purchase at the mortgage sale, and the depositary itself advancing upwards of $16,000 in cash), was purchaser at the foreclosure sale. The last day for redeeming from sale was February 18, 1927.

In the meantime, and on January 27, 1926, an involuntary petition in bankruptcy against Benjamin Braver was filed in the United States court for the eastern district of Michigan, southern division. Time was taken by Braver's denial of bankruptcy, by his later offer of composition and by hearing and investigation relating thereto. Finally, on January 24, 1927, there was adjudication in bankruptcy, reference to referees, and order appointing defendant, Detroit Trust Company, receiver. Such appointee qualified as receiver on January 31, 1927, and as trustee on February 18, 1927. On January 31, 1927, Mr. Doyle, of counsel for the bankrupt and Benjamin Braver Company,

wrote a letter to the referee in bankruptcy suggesting that it was "quite important that the receiver take possession of  *  *  *  Ozark Court immediately," and consenting thereto.   The Benjamin Braver Company was then in possession of the property and collecting the rents.   The referee made an order based upon and reciting the consent of such company and directing the Detroit Trust Company, receiver, to take possession, which it did, and it has ever since collected and had the rents.

On March 5, 1927, plaintiff filed in the cause in bankruptcy petition to recover possession of the property.   After hearing, the following order was made by Hon. Charles C. Simons, district judge:

"It is ordered that within four days from the entry of this order Detroit Trust Company as trustee in bankruptcy of Benjamin Braver do appear generally in the circuit court for the county of Wayne, in chancery, in the cause of Union Trust Company *vs.* Benjamin Braver *et al.*, being numbered 128,185, and also in the cause of Union Trust Company *vs.* Benjamin Braver *et al.*, being numbered 128,186, and

"It is further ordered that the trustee assert such rights as it considers itself entitled to as such trustee in and with reference to any of the properties in the bills of complaint filed in said causes in the circuit court for the county of Wayne, in chancery, and

"It is further ordered that Detroit Trust Company as trustee in bankruptcy of Benjamin Braver do abide the further order of the circuit court for the county of Wayne, in chancery, in either of said causes."

On March 19, 1927, pursuant to such order, the trustee appeared in the cause at bar in the circuit court for the county of Wayne, in chancery, and filed answer to plaintiff's petition for writ of assistance.   The petition was dismissed for the reason that there had not been service of a copy of the order confirming sale. The petition was renewed and again dismissed.   On March 28, 1927, plaintiff filed and served on the trustee

a new order confirming sale.    The trustee filed exceptions to the report of sale and moved to set aside the decree.    The substance of these objections, important here, is:

(1) An attack on the merits.
(2) The decree is void under the bankruptcy act.
(3) Proper notice of the settlement of the decree had not been given.

No fraud or deceit is shown.    On April 14, 1927, an order was entered vacating the decree and of course sweeping aside the sale and all subsequent proceedings in the cause.    Plaintiff sought reconsideration without success.    Appeal is claimed in behalf of plaintiff as trustee, as depositary of the bondholders, as purchaser at the foreclosure sale, and in behalf of bondholders.

The sworn answer in this cause of Benjamin Braver Company, by Braver, its president, states that it is the owner of the premises in question.    The premises, it seems, were conveyed to it in July, 1925.    The deed of conveyance is not called to our attention. The record indicates that Braver gave conflicting testimony respecting an alleged agreement or option for reconveyance.    If there be such a writing we are not advised of its purport.    On November 19, 1926, Braver testified on oath before the referee that the property was owned not by him but by the corporation, and he stated the number of shares which he held, and that was also the position of his counsel.    And counsel for the creditors also set up such transfer in objecting to the offer of composition.    True, the schedules filed by Braver are to the effect that he owns the property. The order under which the trustee took possession of the property is based on consent of the Benjamin Braver corporation.    The record is fairly to the effect that since July, 1925, the said corporation has owned the property, and that Braver's interest is merely that

of a stockholder of the corporation. It is not claimed that the corporation has been adjudged bankrupt. Ground to support the right of the trustee in bankruptcy to contest here is not pointed out. But as counsel have considered other questions to dispose of the case, we will do likewise.

The trustee was not entitled to rehearing, after enrollment (*Simpson* v. *Simpson,* 223 Mich. 246; *Raymond* v. *Bigley,* 226 Mich. 182), and after the lapse of four months from the entry of the final decree. *Domboorajian* v. *Domboorajian,* 235 Mich. 668, citing Circuit Court Rule No. 56, of which we quote sections 1 and 4:

"On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within four months from the entry of the final decree.

"This rule takes the place of the rules heretofore in force providing for rehearing and for bills of review, and such proceedings are abolished."

It is contended that there was an irregularity in respect to notice of the settlement of decree, that counsel for defendants Braver and Benjamin Braver corporation, residing at Menominee, were entitled to seven days' notice (citing Circuit Court Rules Nos. 7 and 15, and section 12457, 3 Comp. Laws 1915), and were given less than such time. It will be recalled that notice of settlement of decree on June 21st was mailed on June 15th. If it be conceded that the notice was short it makes no difference here. There is no showing of prejudice. It is not shown that counsel intended to attend, or were prevented by reason stated from attending. It is not contended that the decree was not proper and correct on the pleadings and proofs then before the court. The court ought not to set aside a decree for a harmless irregularity, or just to attain perfection of record. It ought also to be made to appear that the irregularity affected

injuriously the interest of a party.    It was said in
*Michigan Ins. Co.* v. *Whittemore,* 12 Mich. 427:

> "Admitting irregularity, it is not stated in the affidavits, on which the motion to set aside the decree was made, that defendant has been injured thereby; and we have held that we would not reverse an order or decree for a mere irregularity in no wise affecting injuriously the interest of the party."

And it is said in 21 C. J. p. 701, citing the above case:

> "Nor will a decree be opened, amended, or vacated for harmless and technical errors and irregularities."

The circuit court for the county of Wayne, in chancery, had acquired jurisdiction of the parties and the subject-matter of this suit.    The filing of the involuntary petition in bankruptcy did not oust it of jurisdiction.    It could not and need not take judicial notice of such proceedings in bankruptcy.    We quote from *Eyster* v. *Gaff,* 91 U. S. 521, 524:

> "It is a mistake to suppose that the bankrupt law avoids of its own force all judicial proceedings in the State or other courts the instant one of the parties is adjudged a bankrupt.    There is nothing in the act which sanctions such a proposition.
>
> "The court in the case before us had acquired jurisdiction of the parties and of the subject-matter of the suit.    It was competent to administer full justice, and was proceeding, according to the law which governed such a suit, to do so.    It could not take judicial notice of the proceedings in bankruptcy in another court, however seriously they might have affected the rights of the parties to the suit already pending.
>
> "It was the duty of that court to proceed to a decree as between the parties before it, until by some proper pleadings in the case it was informed of the changed relations of any of those parties to the subject-matter of the suit.    Having such jurisdiction, and performing its duty as the case stood in that court, we are at a loss to see how its decree can be treated as void."

And see annotations to title 11, § 29, United States Code, Annotated, from which we quote:

"A State court is not deprived, by the mere force of an adjudication in bankruptcy, of jurisdiction over suits pending at the time against the bankrupt, but, unless the action is stayed or enjoined by the court of bankruptcy, the State court is not required to dismiss a pending action, but may proceed to render a valid judgment therein," citing many cases.

When, under the order of the district court, the trustee made its first appearance in this cause, and the circuit court was first judicially advised of the fact of the bankruptcy, there had long since been decree, sale, report thereof, and an order of confirmation. The trustee at that time was in no better position to attack the record than Braver would have been had there been no bankruptcy. The decree was not void because of the bankruptcy act.

After the filing and service on March 28, 1927, of the new order confirming sale, the trustee filed exceptions attacking the record for reasons which we have held to be without merit. The sale ought to have been confirmed. No infirmity in respect thereto was pointed out. The record shows no inadequacy of price and no offer of other or different bid. We quote from *Leonard* v. *Taylor*, 12 Mich. 398, when petitioner sought to set aside a sale which had been made under a decree in chancery in foreclosure of mortgage:

"We can discover nothing in the case going to show that complainant has, at any time, been unwilling to accept the amount due him on the decree, with the amount paid to acquire the right of other purchasers, nor that he has sought to take advantage of the embarrassment of the petitioner to make a speculation out of property. And, under such circumstances at least, it is a fatal objection to the petition that it does not offer to pay the complainant anything whatever, and does not contain an offer to bid any higher sum,

if the sale should be set aside, than that bid by complainant on the mortgage sale.

"The order of the court below, refusing the prayer of the petition, is confirmed, with costs."

Other questions either do not merit discussion, or are unnecessary to decision.

The order setting aside the decree and the sale is reversed, with costs to appellants. The decree will stand. The sale will stand confirmed as of March 28, 1927. The cause is remanded for further proceedings not inconsistent herewith.

SHARPE, C. J., and BIRD, FELLOWS, WIEST, and MCDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.