UNION TRUST CO. *v.* DETROIT TRUST CO.

1. MORTGAGES—PROCEEDINGS FOR FORECLOSURE STATUTORY.
   In this State the jurisdiction of courts of equity in proceedings for the foreclosure of mortgages is governed by statute.

2. SAME—COURT WITHOUT JURISDICTION TO DETERMINE LIABILITY FOR RENTS COLLECTED AFTER EXPIRATION OF REDEMPTION PERIOD.
   Under 3 Comp. Laws 1915, §§ 12676-12692, providing for the foreclosure of mortgages, no provision is made for proceedings subsequent to a valid decree, sale, confirmation, and expiration of the period of redemption, except to put the purchaser in possession of the premises, and therefore the court had no jurisdiction, in foreclosure suits, to determine liability for rents collected by the mortgagor's trustee after expiration of the redemption period.

Appeals from Wayne; Jayne (Ira W.), J. Submitted May 1, 1928. (Docket Nos. 157, 158, Calendar Nos. 33,721, 33,722.) Decided July 24, 1928.

Bills by the Union Trust Company and others against

the Detroit Trust Company, trustee in bankruptcy of Benjamin Braver, for an accounting and to foreclose a mortgage: On motions for orders directing the payments of rent. From an order granting one motion and denying another, all parties appeal. Reversed as to first motion and affirmed as to second motion.

*Campbell, Bulkley & Ledyard* (*Harold R. Smith,* of counsel), for plaintiffs.

*Joslyn, Joslyn & Joslyn* and *Joseph B. Beckenstein,* for defendant.

FEAD, C. J. These cases involve the same parties, identical facts and issues, although different premises, and are considered together. Other phases of them have been before this court and are reported in 240 Mich. 646 and 654.

Plaintiff Union Trust Company, as trustee, became purchaser of the premises at bar on sales made August 18, 1926, under decrees in mortgage foreclosure actions, in chancery. The statutory period of redemption expired February 18, 1927. By decrees of this court, filed December 16, 1927, the sales were ordered to stand confirmed as of March 28, 1927. The Detroit Trust Company, as trustee in bankruptcy for the mortgagor, had possession of the premises and collected the rents until December 17, 1927. On December 20, 1927, plaintiffs filed motions in the circuit court, in chancery, for an accounting from the Detroit Trust Company, as such trustee, of the rents from and after February 18, 1927. The court made orders requiring defendant to file accounts of rents collected or accruing after March 28th, and made orders denying the motion as to rents after February 18th, except as provided in the orders relating to the rents after March 28th. All parties have appealed.

Although challenged, counsel for plaintiffs have not cited an authority which holds that, in a proceeding initiated in the original foreclosure suit after the purchaser at the foreclosure sale has taken possession, accounting can be ordered for rents collected by the mortgagor after the title of the purchaser becomes absolute.    In this State, the jurisdiction of equity in proceedings for the foreclosure of mortgages is governed by statute.    *Johnson* v. *Shepard,* 35 Mich. 115; *Kelly* v. *Gaukler,* 164 Mich. 519; *Kollen* v. *Sooy,* 172 Mich. 214.

The statutes (3 Comp. Laws 1915, §§ 12676-12692) make no provision for proceedings subsequent to a valid decree, sale, confirmation, and expiration of the period of redemption, except to put the purchaser in possession of the premises.

The court had no jurisdiction in the foreclosure suits to determine liability for the rents.    The orders requiring accounting by defendant will be set aside. The orders denying such accounting will be affirmed. Defendant will recover costs.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.