DUNITZ v. BRAVER.

1. MORTGAGES—FORECLOSURE—REDEMPTION—SECOND MORTGAGE.
   Where period of redemption under foreclosure of first mortgage expired without redemption, no redemption under foreclosure of second mortgage could be had, as there was nothing to redeem.

2. SAME—COURT WITHOUT JURISDICTION TO TAKE ACCOUNT OF RENTS.
   Court is without jurisdiction in statutory foreclosure proceeding to take account of rents following foreclosure decree.

3. SAME—REDEMPTION—SECOND MORTGAGE—EQUITY.
    Where time to redeem under foreclosure of both first and second mortgages had expired, petition of second mortgagee to compel payment of his mortgage debt does not appeal to conscience of court of equity.

4. SAME—DISMISSAL AND NONSUIT.
    Where redemption period under foreclosure of first mortgage had expired without redemption, petition by receiver of mortgagor to reopen proceedings under which second mortgage had been foreclosed and cross-petition of mortgagee to compel payment of mortgage debt were properly dismissed.

Appeals from Wayne; Dingeman (Harry J.), J. Submitted June 18, 1930. (Docket Nos. 73, 74, Calendar Nos. 34,818, 34,819.) Decided December 2, 1930.

Bill by Harry Dunitz against Benjamin Braver and others to foreclose second mortgage. Detroit & Security Trust Company as receiver for defendant Braver petitions to intervene and set aside decree of foreclosure. Cross-petition by plaintiff to compel payment of amount due under the mortgage. From order dismissing petition and cross-petition, plaintiff Dunitz appeals. Affirmed.

*Shapero & Shapero,* for plaintiff.

*Joslyn, Joslyn & Joslyn,* for intervener.

CLARK, J. Plaintiff Dunitz filed bill to foreclose a second mortgage given by defendants Braver and had decree. Sale followed on August 12, 1926, and the premises were struck off to plaintiff mortgagee for full amount due. Usual proceedings followed sale. The period of redemption would expire on February 12, 1927. On February 17, 1927, Detroit Trust Company, receiver of Braver, bankrupt, filed petition in the cause, alleging its appointment as

receiver, that it was in possession of the premises covered by the mortgage, that the demand secured by the mortgage was usurious to a large amount, that the decree was fraudulent and secured to defraud creditors of the bankrupt, that an agreement between parties to the mortgage had been made by which the mortgagor, bankrupt, might have additional time to redeem and for less than the amount bid at the sale, and praying that Dunitz, plaintiff, appear before the court and show cause:

"1. Why petitioner should not be permitted to intervene in this proceeding.

"2. Why the said decree and order of sale, the said sale and the order confirming the said sale should not be set aside and held for naught.

"3. Why an order and injunction should not be issued out of and under the seal of this court enjoining the said Harry Dunitz from enforcing the said decree, and sale, and from taking possession of the property described in this proceeding, and from interfering with the possession of your petitioner in and to said property.

"4. That pending the hearing of this petition, and until the further order of this court, the said Harry Dunitz and his agents be temporarily restrained and enjoined from taking possession of the property described in said bill of complaint, from collecting the rents and income therefrom or from in anywise interfering with the possession of your petitioner in and to said property."

Order to show cause and a temporary restraining order were issued as prayed and were served.

Nothing further was done until January 30, 1928, when plaintiff filed answer and cross-bill to the petition and prayed:

"That this court order a hearing in open court concerning the allegations contained in the petition

of the Detroit Trust Company and cross-petition herein filed and Detroit Trust Company upon such hearing be ordered to pay the amount equitably due upon the plaintiff's mortgage and upon nonpayment thereof that execution may issue thereof.

"That the said Detroit Trust Company account to this plaintiff for all rents collected upon said premises and that a judgment be entered therefor against the Detroit Trust Company."

Petitioner answered on March 22, 1928, and prayed dismissal, and again, on August 26, 1929, filed motion to dismiss, alleging, among other things, lack of jurisdiction. The motion to dismiss was granted, and plaintiff Dunitz has appealed.

The first mortgage on the property was foreclosed (*Union Trust Co.* v. *Detroit Trust Co.*, 240 Mich. 646), and period of redemption thereunder expired in March, 1927, and, there being no redemption, title passed to the purchaser at such foreclosure sale. Since March, 1927, there could be no redemption under the foreclosure of the second mortgage, as there was nothing to redeem.

Petitioner's motion to dismiss, as briefed and as granted, is in effect against its own petition as well as against plaintiff's answer and cross-bill. It regards its petition as one for rehearing and it asserts that because of the decision in *Union Trust Co.* v. *Detroit Trust Co.*, *supra,* the court had no jurisdiction to entertain it, and that the court likewise could not entertain the cross-bill, nor take account of rents in the statutory foreclosure proceeding, citing *Union Trust Co.* v. *Detroit Trust Co.*, 243 Mich. 451.

Plaintiff contends that the petition is in the nature of a bill to redeem, and that as he filed answer and cross-bill, consenting to a hearing, and praying an accounting and redemption, petitioner is bound

to redeem. While matter set up in the petition might properly have been alleged in a bill to redeem, the petition is not a bill to redeem. It has neither prayer for redemption, nor offer to pay. It is apparent that payment was not intended. Petitioner prayed to have leave to intervene and to have the case opened; in effect it asked rehearing. Answer to the petitioner was proper, but no cross-bill was called for.

The court was without jurisdiction in the statutory foreclosure proceeding to take account of rents following decree as prayed by plaintiff. *Union Trust Co.* v. *Detroit Trust Co.*, 243 Mich. 451.

Under the facts above related, and time to redeem having passed, plaintiff's belated attempt to compel petitioner to pay the mortgage debt creates no stir in the conscience of the court of equity.

Plaintiff was entitled on its so-called cross-bill to no affirmative relief.

Petitioner might dismiss unless dismissal prejudicially affected plaintiff's rights. 18 C. J. p. 1158. Plaintiff's effort to show by testimony such prejudice did not impress the trial judge, nor do we perceive prejudice.

It follows that the order is affirmed. No costs.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.