In re BRAVER.

No. 7377.

District Court, E. D. Michigan, S. D.

June 30, 1931.

Shapero & Shapero, of Detroit, Mich., for petitioner.

Joslyn, Joslyn & Joslyn, of Detroit, Mich., for trustee.

SIMONS, District Judge.

This cause is now before the court upon a petition filed by Harry Dunitz to review an order of the referees in bankruptcy overruling petitioner's claim filed in the bankruptcy proceedings.

Petitioner was the mortgagee named in a second mortgage executed by the bankrupt upon apartment houses which were subject to a first mortgage to the Union Trust Company. Petitioner upon default began foreclosure proceedings upon his second mortgage in the Wayne county circuit court, and obtained the usual decree of foreclosure, providing for sale at public auction, six months redemption therefrom, and possession six months after confirmation of sale. At the sale conducted by the circuit court commissioner, petitioner was the purchaser. Report of sale was duly filed by the commissioner with the clerk of the court, and an order was entered confirming said report, which order was served upon the attorneys in the cause, but the affidavit of service was not filed until November 27, 1929. On February 11, 1927, the Detroit Trust Company, receiver for the above-named bankrupt, and now the trustee in bankruptcy, filed a petition for intervention in the foreclosure suit in the state court, setting up that petitioner was threatening to take possession of the property covered by the decree therein, and had demanded possession of the tenants then upon the premises, and that the tenants pay rent to said petitioner as of February 14, 1927. The receiver prayed for an injunction restraining the petitioner from taking possession of the property and collecting the rents, and a temporary restraining order issued in pursuance of the prayer of the petition. The petitioner filed an answer and cross-petition in the state court, in which, among other things, it was prayed that the receiver be required to account for the rents collected by him from and after the date upon which the petitioner became entitled to possession under his foreclosure decree. Subsequently, the receiver moved in the state court proceedings to have its petition and the cross-petition dismissed for want of jurisdiction, and an order was later made by the circuit judge dismissing both petitions upon jurisdictional grounds. Upon appeal to the Supreme Court of the state, the order of the circuit judge dismissing the petitions for want of jurisdiction was affirmed. Dunitz v. Braver, 252 Mich. 111, 233 N. W. 347. In the meanwhile, the Union Trust Company commenced foreclosure proceedings upon its first mortgage, and the decree of foreclosure and sale became absolute upon March 27, 1927. The petitioner later filed his claim in the bankruptcy proceedings, asking the referees to order the trustee to pay to him all rents that the trustee had collected between the time that the petitioner was entitled to possession of the premises under the second mortgage foreclosure, and the time when the decree in the foreclosure of the first mortgage became absolute. The meritorious question here involved is whether the petitioner is entitled to the rents of the mortgaged premises during the above period.

The referees denied the petition on three grounds:

(1) That the order of the circuit judge dismissing the petition of the trustee and the cross-petition of this petitioner in the foreclosure proceedings in the state court, as affirmed by the Supreme Court, was res adjudicata on the petitioner's claim for rent.

(2) That petitioner was guilty of laches.

(3) That petitioner was not entitled to any relief since no demand for possession was made after his foreclosure became absolute.

1. The first ground for denying the petition is clearly without merit. I have examined carefully the record in the state court proceedings, and the opinion of the Supreme Court affirming the order of the circuit judge. It is perfectly clear that the trustee's petition, and the answer and cross-petition of the petitioner herein, were dismissed upon jurisdictional grounds. There was no hearing upon the merits. It is almost elementary that a former judgment or decree which was not entered upon the merits is not a bar to a future action upon the same claim. McIntosh v. Miller, 223 Mich. 285, 193 N. W. 769; Southern Pacific Co. v. Bogert, 250 U. S. 483, 39 S. Ct. 533, 63 L. Ed. 1099. The latter case is exactly in point. Baldwin v. Iowa State Ass'n, 51 S. Ct. 517, 75 L. Ed. 1244, decided by the United States Supreme Court May 18, 1931, to which attention has been called, does not cover this case at all. Reliance is placed by the trustee upon some statement in the order of the circuit judge in

the state court, to the effect that the cross-petitioner there was not entitled to the relief prayed for in his cross-bill. It must be too plain for argument that once jurisdiction is lacking there can be no adjudication of any of the issues involved in the litigation, and any comment thereon is declaratory purely, and no more.

2. Nor can I see any merit to the contention that the petitioner herein was guilty of laches. Laches does not result from the mere passage of time. Something more is needed. There is here no showing that the trustee was in any way prejudiced by the failure of the petitioner to take any necessary steps promptly, either in the foreclosure proceedings or in the bankruptcy court, and certainly it does not lie in the mouth of the trustee to complain of laches in respect to such steps as the petitioner was prevented from taking by an injunction or restraining order obtained by the trustee in a proceeding which was later upon the trustee's own motion dismissed.

3. Perhaps the most important of the three grounds relied upon is the alleged failure to take possession of the property by the petitioner, and his alleged failure to give notice of his intention to take possession. Reliance is placed by the trustee in the case of Howard v. Bond, 42 Mich. 131, 3 N. W. 289. All that is held in that case is that a writ of assistance will not issue until after request for possession is made by the purchaser at foreclosure sale, after he becomes entitled to possession. There is no holding there as to when the purchaser becomes entitled to the rents to the premises. It is not clear that in Michigan, demand by the purchaser is prerequisite to the collection of rents. First National Bank of Ionia v. Gillam, 123 Mich. 112, 81 N. W. 979, but whatever may be the rule in Michigan, as to the necessity of possession or demand for possession on the part of a purchaser at foreclosure sale, as a condition precedent to his right to collect rent, I am of the opinion that here there was such demand. The sworn petition filed in the state court by the trustee alleges that the petitioner herein served, or caused to be served, on all of the occupants and tenants of the apartment building, a notice that he was taking possession of the property on the 14th of February, 1927, and that the rents and income of said property from and after that date must be paid to him, and that, by reason of said notice, the trustee would be unable to further collect the rents and income of the said property. It is on the basis of this allegation that a restraining order was sought and obtained by the trustee. Can it now say that it had no such notice? I do not believe so. Certainly, a notice to the trustee, sufficient in form and substance to warrant its appealing to a court of equity to be relieved of the threat conveyed by it, ought to be sufficient to comply with the demands of the state practice in respect to it. So far as the petitioner's failure to subsequently make demand for possession, he was relieved of the necessity of making it by the restraining order obtained by the trustee. The law does not require of anybody to do a vain and useless thing. The trustee by its petition in the state court served notice upon the petitioner that it would not yield possession, and that it would not surrender its right to collect rents. A demand under such circumstances would have been merely an idle gesture. The law does not require it.

In view of what I have said it follows that the prayer of the petition for review should be granted, that the order of the referees should be set aside, and that the cause should be re-referred to the referees, with instructions to enter upon an accounting of the rents collected by the trustee during the period within which the petitioner was entitled to possession and the income of the property, and then to order such rents paid over to the petitioner.