### DETROIT TRUST CO. v. DUNITZ.
#### No. 6028.

Circuit Court of Appeals, Sixth Circuit.
June 27, 1932.

Lee E. Joslyn, of Detroit, Mich. (Joslyn, Joslyn & Joslyn, of Detroit, Mich., on the brief), for appellant.

Harold M. Shapero, of Detroit, Mich. (Shapero & Shapero, of Detroit, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

The appellee was the holder of second mortgages on two apartment buildings. Upon default on the mortgages he began proceedings in the state court and obtained a decree of foreclosure. Upon the sale of the properties he became the purchaser entitled to possession, subject to redemption within six months from the date of sale on August 12, 1926. A few days before the expiration of the six months he notified the tenants and occupants that he would take possession on February 14, 1927. In the meantime, the owner, Ben Braver, had been adjudged a bankrupt and the Detroit Trust Company appointed receiver in bankruptcy of his estate. On February 11, 1927, the Detroit Company filed a petition for intervention in the foreclosure suit, seeking to set aside the decrees therein on the ground that they were collusively and fraudulently obtained, and praying for an order enjoining the appellee from taking possession of the property. Upon the filing of the petition the court issued an order to show cause why the decrees of foreclosure should not be set aside and pending a hearing thereon enjoined the appellee from collecting the rents and income from the property or interfering in any wise with the possession thereof by the receiver. The appellee did not appear in response to the show-cause order until January 30, 1928, at which time he filed answer and cross-petition alleging that the petition of the receiver was a petition to redeem and asking a decree against the trustee for the amount of his mortgage debts, or if such relief be denied, for an accounting for rents from February 12, 1927, to March 28, 1927. The latter date was fixed because the first mortgage had also been foreclosed, and it had been determined by the state courts that the possession of the first mortgagee was effective as of that date. The receiver meanwhile was elected trustee, and after answering the cross-bill as such filed a motion to dismiss on the ground inter alia that the court had no jurisdiction to determine the question of rents. This motion was denied without prejudice, but after proofs were heard was renewed and sustained and the cross-bill dismissed. The decision of the lower court was affirmed by the Supreme Court of the state. 252 Mich.

111, 233 N. W. 347. Thereafter the appellee filed with the referee a petition to require the trustee to account for the rents from February 12, 1927, to March 27, 1927. Upon the hearing before the referee the petition was denied, but on review was sustained and an order entered requiring the accounting, from which this is an appeal.

The trustee complains of the ruling of the District Judge upon three grounds, the first of which is that the subject matter was res judicata under the decisions of the state courts dismissing the cross-petition in the foreclosure proceedings. We are convinced from an examination of the opinions of both the lower court and the Supreme Court, that the order of dismissal was based upon a lack of jurisdiction to determine the subject matter involved. Plainly such a decision is not a binding adjudication. Elliott v. Peirsol, 1 Pet. 328, 340, 7 L. Ed. 164; Walden v. Bodley, 14 Pet. 156, 160, 10 L. Ed. 398; Hughes v. United States, 4 Wall. 232, 237, 18 L. Ed. 303; Smith v. McNeal, 109 U. S. 426, 429, 3 S. Ct. 319, 27 L. Ed. 986; Brown v. Fletcher, 182 F. 963, 966 (6 C. C. A.).

The second contention is that the appellee was guilty of laches and is estopped from asserting his claim for rents in this proceeding. The basis of this contention is that he did not respond to the show-cause order until ten months after it was issued, during which time the trustee, by litigation with the first mortgagee, secured an extension of the redemption period under the foreclosure proceeding on that mortgage from February 19, 1927, to March 27, 1927. But as held by the state courts, the claim for rents could not be determined on response to the show-cause order, and manifestly the appellee cannot be charged with laches for failing to assert his claim in a non-jurisdictional proceeding. Besides, the trustee acquiesced in the delay, being satisfied, apparently, to let the case rest, otherwise it would have taken a default against the decree of foreclosure and obtained an injunction in accordance with the terms of the order. There were only seven days difference between the date from which appellee claimed possession and the date of possession claimed by the first mortgagee; and before the trustee could secure the benefits of its possession it was necessary that it defeat the claim of the first mortgagee as to the date of its right. This it succeeded in doing December 1, 1927 (Union Trust Co. v. Detroit Trust Co., 240 Mich. 646, 216 N. W. 442), but it knew then and theretofore that the appellee was claiming the rents. He had

given notice of his purpose to collect them, but was prevented from carrying it out by the trustee's action. The delay in responding to the show-cause order did not prejudice the trustee. It was engaged in litigating its claim with the first mortgagee, and so far as the appellee was concerned was content to rest under the protection of the restraining order. Having acquiesced in the appellee's failure to respond to that order, and failing to avail itself of its right of default, it is not now in position to defeat a hearing on the merits.

■ Finally it is contended that the appellee is not entitled to the rents for the reason that he neither demanded nor was entitled to possession. True it is that he made no demand on the trustee; but such demand was unnecessary, for before the day arrived on which he was entitled to possession the trustee obtained a court order requiring him to show cause why he should not be enjoined from taking it. As said by the court below, a notice to a trustee "sufficient in form and substance to warrant its appealing to a court of equity to be relieved of the authority conveyed by it [the notice] ought to be sufficient to comply with the demands of state practice." Upon the filing of the intervening petition an order was issued, too, enjoining the appellee from taking possession or "in anywise interfering with the possession" of the trustee. Clearly the appellee was not thereafter required to give notice of an intention to do a thing which the trustee, knowing that he intended to do, had brought a suit to enjoin.

■ The intervening petition tendered the issue of the validity of the foreclosure proceedings. Appellee thought that by cross-petition he could present the question, determinable by the state court, of his right to the rents. In this he was mistaken, but the dismissal of his cross-petition was not, as we have seen, an adjudication of the question on its merits. That remained, and if he was entitled to possession, the intervention of his adversary, while preventing the execution, could not deprive him of the fruits of his right. His right was not that of a mortgagee, not entitled to the rents and profits under the terms of his mortgage until he had taken possession or had made demand for possession and been refused (Sage v. Memphis, etc., Railroad Co., 125 U. S. 361, 377, 378, 8 S. Ct. 887, 31 L. Ed. 694; United States Trust Co. v. Wabash Railway, 150 U. S. 287, 308, 14 S. Ct. 86, 37 L. Ed. 1085), but was that of a purchaser at a decretal sale

with title vesting at the expiration of the redemption period, subject only to lien debts. The decree of sale specifically provided that at the expiration of six months the purchaser should be given possession of the premises unless redeemed within that time. The order of confirmation was duly served on opposing counsel, although proof of the service was not filed until November 27, 1919. We have been referred to no Michigan case holding that the right of possession thus given a purchaser is defeated by failure to file proof of the service of order confirming the sale. On the other hand, it has been held that if no prejudice results from such failure the purchaser's rights are the same as if proof of service had been filed. Westbrook Lane R. Corp. v. Pokorny, 250 Mich. 548, 551, 231 N. W. 66, and authorities cited. Howard v. Bond, 42 Mich. 131, 3 N. W. 289, merely holds that a writ of assistance will not issue until a demand has been made and refused. That process of the state court was made unavailable to appellee by the receiver's action.

The decree is affirmed.